UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

**BRIAN MATTISON,**

    Plaintiff,

v.

CASE NO. 5:20-cv-2334

**LOMA LINDA UNIVERSITY MEDICAL CENTER,**

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff BRIAN MATTISON, hereby sues Defendant, LOMA LINDA UNIVERSITY MEDICAL CENTER, (hereinafter "Defendant") and alleges:

## NATURE OF THE ACTION

1. This is an action brought under Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624.

2. Plaintiff's claims for relief are also predicated upon the subject matter construed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, as well as the California Fair Employment and Housing Act Gov. Code, § 12940 (FEHA) and the California Family Rights Act Gov. Code, § 12945.2 (CFRA)

3. The Court has concurrent and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

4. At all times relevant to this action Plaintiff BRIAN MATTISON (hereinafter "Plaintiff") is, and at all relevant times mentioned herein, an adult male, residing in the County of San Bernardino, state of California.

5. Defendant LOMA LINDA UNIVERSITY MEDICAL CENTER (hereinafter "LLUMC") is, and at all relevant times mentioned herein, a California corporation authorized to conduct business in the state of California. LLUMC has a mailing address which is located in the City of Loma Linda and County of San Bernardino, State of California.

6. This Court is the proper venue for this action because Defendant is a resident of the County of San Bernardino, state of California, and/or conducting business in said County and State so jurisdiction and venue are appropriate.

## TITLE VII / PDA / ADA/ FEHA STATUTORY PREREQUISITES

7. Plaintiff is a male "person" who suffered discrimination based on his medical/mental health disability. As such he is a member of a class of individuals protected by Title VII, the PDA, the ADA and the FEHA.

8. Plaintiff was qualified for his position of employment.

9. Plaintiff suffered an adverse effect upon his employment by having his reasonable accommodation requests denied and ultimately being terminated by Defendant with the motivating or determinative factor used by Defendant in the decision making process being Plaintiff's need for accommodation, or related medical condition(s).

10. Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

11. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the PDA, the ADA and the FEHA.

12. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the PDA, the ADA, and the FEHA.

13. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 14, 2020 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC dated August 10, 2020, and which was received by Plaintiff on August 20, 2020.  Therefore this complaint is being filed within 90 days of receiving his right to sue letter.

14. Accordingly Plaintiff has completed all other Title VII, the PDA, the ADA and the FEHA requirements and all other prerequisites prior to bringing this lawsuit.

15. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

16. Plaintiff is a thirty-six (36) year old male with a documented medical/mental health disability for which he has requested reasonable accommodations and protected medical leave.

17. LLUMC, a medical center and a medical university, was Plaintiff's employer.

18. Plaintiff began working for LLUMC on January 1, 2012. LLUMC hired Plaintiff as an Instructional Designer and Plaintiff was a model employee without discipline. Throughout his employment with LLUMC, Plaintiff was discriminated against for exercising his right to medical leave under the FMLA and the CFRA.

19. From November 27, 2018 through December 12, 2018 Plaintiff took intermittent FMLA/CFRA leave due to his medical/mental health disability which had been severely exacerbated by harassment he suffered at the hands of LLUMC supervisors, Bryan Solis and Anna Finnegan-Riddle, among others.

20. From January 4, 2019 through February 18, 2019, Plaintiff again took FMLA/CFRA leave to treat for his medical/mental health condition which had been aggravated again by the hostile acts of his supervisors.

21. On February 19, 2019—the day of his return from his protected medical leave—Ms. Finnegan-Riddle and Mr. Solis demoted Plaintiff.

22. Additionally, during the February 2019 meeting, Plaintiff requested taking occasional walks and working one remote day per week as a reasonable accommodation. Other non-disabled employees were allowed to work remotely. Ms. Finnegan-Riddle unequivocally denied Plaintiff's request. Plaintiff's supervisors then continually harassed him and subjected him to a hostile work environment as it related to his medical/mental health disability.

23. In or around August 12, 2019 through August 23, 2019, under the direction of Mr. Solis, Plaintiff worked part of the day from home. Plaintiff advised Mr. Solis about adjustment issues he had with a new medication and requested to work from home briefly in the mornings. Mr. Solis advised Plaintiff that he could briefly work from home in the mornings.

24. On or about August 20, 2019, Director Beth Cook contacted Plaintiff and accused him of fraudulent time tracking. Plaintiff advised that he was having difficulty managing his new medication so Mr. Solis had allowed him to clock in from home—he would then drive to his worksite, which was an authorized travel expense.

25. On or about August 23, 2019, Plaintiff contacted Ms. Cook and asked to amend his timesheet because it was still an active pay period and the timesheet had not been finalized. Other employees were allowed to do this.

26. On or about August 27, 2019, Plaintiff was called into a meeting with Director Eric Morales and Mr. Solis. He was terminated for the alleged time clock issues.

27. Megan Pyo, an Asian-American female and similarly situated employee who does not have a medical/mental health disability and has not asked for reasonable accommodations, engaged in the exact same acts as Plaintiff. Ms. Pyo was not investigated and she was not terminated. The rule was selectively applied to Plaintiff.

28. Plaintiff was not given the reasonable accommodation of a remote day, yet, many non-disabled members of his team were allowed a remote day: Adam Seidenstricker, Tim Leibrand, Mark Taylor, Gary Cambridge, Christian Hernandez, Stephanie Navarro, Juliana Erickson, Yvonne Fair, Shauna Gifford, Jennifer Herrera, Joe Andrews, Virgo Ceballos, Adeline Sitompul, and Michelle Phillips.

29. Defendant's violations of the laws articulated herein were willful and/or in reckless disregard of the tenets of the same.

30. Plaintiff has retained the services of the undersigned and owes a fee for attorney service. Defendant should be required to pay that fee and costs related to this action.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

31. Paragraphs 1 through 30 are re-alleged and are incorporated herein by reference.

32. This is an action against Defendant for interfering with Plaintiff's protected leave under the FMLA, for harassing Plaintiff due to using FMLA leave time, and for retaliating against Plaintiff for requesting and/or taking time off that was authorized by and protected under

the FMLA. This is an interference and retaliation claim.

33. After Plaintiff requested leave for his medical/mental health condition, Defendants harassed Plaintiff and took adverse personnel actions against him for using leave.

34. Plaintiff was denied rights and benefits conferred by the FMLA and his was retaliated against after requesting and/or taking protected leave.

35. Defendant's violations of the FMLA were willful.

36. As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with retaliation of Defendants. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to liquidated damages and injunctive relief including reinstatement to his former position within Defendant with the requisite training.

37. Plaintiff has retained the undersigned to prosecute this action and owes a fee to the same. Defendant should be required to pay Plaintiff attorney's fees as well as costs as it relates to the violations of law alleged herein.

## COUNT II
## VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT (CFRA)

38. Paragraphs 1 through 30 are re-alleged and are incorporated herein by reference.

39. This is an action against Defendant for interfering with Plaintiff's protected leave under the CFRA and retaliating against Plaintiff for engaging in the protected activity relating to exercising his rights under the CFRA.

40. Under the CFRA, Defendant is required to return Plaintiff to the same or comparable position he was in before he began medical leave. After Plaintiff returned from his protected leave pursuant to the CFRA, Defendant demoted Plaintiff and then continually harassed Plaintiff and subjected him to hostility relating to his protected medical leave.

41. Plaintiff was denied rights and benefits conferred by the CFRA and he was retaliated against after requesting and/or taking protected leave. Defendant's violations of the CFRA were willful.

42. As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with retaliation of Defendants. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to liquidated damages and injunctive relief including reinstatement to his former position within Defendant with the requisite training.

## COUNT III
## DISABILITY/PERCEIVED DISABILITY
## DISCRIMINATION UNDER THE ADAAA

43. Paragraphs 1 through 30 are re-alleged and are incorporated herein by reference.

44. Plaintiff was a qualified individual with a disability recognized under the ADAAA.

45. Plaintiff was disabled/perceived as disabled by Defendant.

46. Defendant was Plaintiff's employer as defined by the ADAAA.

47. Defendant discriminated against Plaintiff because of his actual or perceived disability in violation of the ADAAA.

48. Defendant discriminated against Plaintiff because he exercised his rights under the

ADAAA by notifying Defendant of his need for a work accommodation related to his disability.

49. Defendant had actual or constructive knowledge of the discriminatory conduct.

50. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

51. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

52. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

53. Defendant's violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

54. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

## COUNT IV
## DISCRIMINATION—CALIFORNIA FAIR
## EMPLOYMENT AND HOUSING ACT (FEHA)

55. Paragraphs 1 through 30 are re-alleged and are incorporated herein by reference.

56. This is an action against Defendant for disability discrimination brought under California Fair Employment and Housing Act Gov. Code, § 12940 (FEHA) as it relates to Plaintiff's medical/mental health condition. Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

57. Defendant are liable for the differential treatment and/or its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons

making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

58. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

59. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

60. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon disability or perceived disability or Plaintiff's record of having an impairment under the Americans with Disabilities Act.

61. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT V
## RETALIATION UNDER THE ADAAA

62. Paragraphs 1 through 30 are re-alleged and are incorporated herein by reference.

63. Plaintiff was a qualified individual with a disability recognized under the ADAAA.

64. Plaintiff was perceived as disabled by Defendant.

65. Defendant was Plaintiff's employer as defined by the ADAAA.

66. Defendant retaliated against Plaintiff because of his request for a reasonable accommodation in violation of the ADAAA.

67. Defendant retaliated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendants of his need for a work accommodation related to his disability.

68. Defendant had actual or constructive knowledge of the retaliatory conduct.

69. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

70. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADAAA.

71. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

72. Defendant's violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

73. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

## COUNT VI
## RETALIATION— CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (FEHA)

74. Paragraphs 1 through 30 are re-alleged and incorporated herein by reference.

75. Defendant is employer as that term is used under the applicable statutes referenced above.

76. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in protected activity under California Fair Employment and Housing Act  Gov.

Code, § 12940 (FEHA), and other statutory provisions cited herein.

77. The foregoing unlawful actions by Defendant were purposeful.

78. Plaintiff engaged in protected activity by asking for reasonable accommodation(s) during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

79. Plaintiff is a member of a protected class because Plaintiff engaged in protected activity and was the victim of retaliation thereafter. There is thus a causal connection between the requesting of a reasonable accommodation(s) and the adverse employment action taken thereafter.

80. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT VII
## HOSTILE WORK ENVIRONMENT UNDER THE ADAAA

81. Paragraphs 1 through 30 are re-alleged and are incorporated herein by reference.

82. Plaintiff is member of protected class due to his disability.

83. Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon his disability.

84. The above described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's disability.

85. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

86. Plaintiff's wages and benefits were impacted and Plaintiff's standing amongst his co-workers was adversely impacted due to the pervasive and severe conduct by Defendant and its agents.

87. Defendant knew or should have known of the hostile work environment.

88. The above hostile workplace environment was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## COUNT VIII
## HOSTILE WORK ENVIRONMENT— CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (FEHA)

89. Paragraphs 1 through 30 are re-alleged and are incorporated herein by reference.

90. Plaintiff is member of protected class due to his disability.

91. Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon his disability.

92. The above described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's disability.

93. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

94. Plaintiff's wages and benefits were impacted and Plaintiff's standing amongst his co-workers was adversely impacted due to the pervasive and severe conduct by Defendant and its agents.

95. Defendant knew or should have known of the hostile work environment.

96. The above hostile workplace environment was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff ;

(c) enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants to include compensatory and punitive damages for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees, interest and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 9th day of November, 2020

                                            Respectfully submitted,

                                            **MORGAN & MORGAN, P.A.**

                                            By: /s/ *Warren D. Astbury*
                                            Warren Astbury
                                            California Bar No.: 311962
                                            /s/ Thomas L. Dickens, III
                                            Thomas L. Dickens, III, Esq.
                                            [Pro Hac Admission (pending)]
                                            2000 Town Center
                                            Suite 1900
                                            Southfield, MI  48075
                                            Tel:  (313) 251-1399
                                            Fax: (313) 739-1976
                                            wastbury@forthepeople.com
                                            tdickens@forthepeople.com;
                                            mfermaint@forthepeople.com

                                            *Attorneys for the Plaintiff*